IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-2874

DAVID ANASAGASTI,

                                                Plaintiff,

v.

DRAGONS BREATH LLC D/B/A DIME BAGS,

                                                Defendant.

_____

**COMPLAINT WITH JURY DEMAND**
_____

Plaintiff David Anasagasti ("Plaintiff"), by his attorneys Kushnirsky Gerber PLLC, for his complaint against defendant Dragons Breath LLC d/b/a Dime Bags ("Dime Bags" or "Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant Dime Bags is a limited liability company organized and existing under the laws of the State of Colorado with a principal place of business at 650 Elkton Drive, Colorado Springs, CO 80907. Dime Bags does continuous and systematic business in the State of Colorado and sells a significant number of goods to consumers in this District. Dime Bags regularly does or solicits business in Colorado; derives substantial revenue from goods used or services rendered in Colorado; expects or reasonably should expect its infringing conduct to have consequences in Colorado; and derives substantial revenue from interstate commerce.

2. Plaintiff David Anasagasti is a street artist based in Miami, Florida, known widely by the pseudonym AholSniffsGlue. He creates large-scale murals and other distinctive works

1

immediately recognizable by their inclusion of a signature eyeball motif.  Mr. Anasagasti is a highly sought-after street artist and works with high-profile brands around the world.  He is the sole owner of the copyright in the work at issue and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this Complaint.

3.  This is an action for copyright infringement under the Copyright Act. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  The Court has personal jurisdiction over Defendant because this action stems from Defendant's business activities within the State of Colorado and tortious acts causing injury within the State of Colorado.

5.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendant resides in, does business in, and is subject to personal jurisdiction in the State of Colorado; and because a substantial part of the events or omissions giving rise to the claims occurred in the State of Colorado.

## FACTUAL BACKGROUND

### I.   Plaintiff's Original Mural

6.  In September 2017, Mr. Anasagasti was commissioned to create the mural EYEMAC in Denver, Colorado (the "Mural").  Consisting of Mr. Anasagasti's signature eyeball motif rendered in shades of blue, red, and orange, the Mural has become a widely recognized and popular work in Denver.  It is featured in Denver graffiti tours and listed in several Denver street art guides. The Mural has been described as "an iconic part of the RiNo street art scene."[1]  A portion of the Mural is shown below.

---

[1] Mikhala Stutzman, *A Visual Feast: Exploring Denver's Street Art & Wall Murals,* Thrifty Traveler, https://thriftytraveler.com/a-visual-feast-exploring-denvers-street-art-wall-murals/



7. Mr. Anasagasti owns federal copyright registration number VA0002170002 for the Mural. Upon information and belief, the Mural's effective registration date precedes any infringing use of the Mural by Defendant.

II. **Defendant's Willful Infringement and Unlawful Conduct**

8. Defendant sells a range of hemp bags and other related products through its website, dimebags.com, and its Amazon Storefront. Dime Bags used the Mural in multiple instances to promote its products and its brand on its website and Amazon Storefront (the "Infringing Uses"). Copies of the Infringing Uses are shown below.





9. Defendant's use of the Mural has been willful. The Mural is the main creative element in each of the Infringing Uses and was intentionally chosen as such. The Infringing Uses feature carefully staged shots of Defendant's products in front of the Mural.

10. Defendant has used numerous other murals throughout Denver without permission on its website and on its social media pages. Defendant does not appear to think that it needs permission from artists to use their works for commercial purposes and the law does not apply to them.

11. Defendant used the Mural in the Infringing Uses without any consent or license from Plaintiff. Had Defendant made even a cursory inquiry, it would have learned that Mr. Anasagasti created the Mural and that it needed a license to use the Mural for commercial purposes. Mr. Anasagasti is frequently sought after to collaborate on commercial projects and strictly controls any commercial use of his artwork.

12. Artists like Mr. Anasagasti rely on licensing revenues from their artwork. The ability of artists to license and control the commercial use of their artwork is critical for their careers and livelihoods, and is a key right bestowed on artists under the Copyright Act.

13. Mr. Anasagasti has been significantly damaged by these unlawful uses of the Mural and has been forced to file this action in order to protect his rights and livelihood. He seeks actual damages, disgorged profits, and costs. Given his timely registration of the Mural, he is also entitled to seek statutory damages and attorneys' fees under the Copyright Act.

**FIRST CLAIM FOR RELIEF**
<u>**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.**</u>

14. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 13 above, and incorporates them herein by this reference.

15. Plaintiff is the respective legal owner of all right, title, and interest in the Mural, including the copyright in the work.

16. Defendant has copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Mural without the consent, permission, or authority of Plaintiff.

17. Defendant's conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501.

18. Defendant's acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

19. Plaintiff has and will continue to suffer damages as a result of the infringement.

20. Defendant has unlawfully profited as a result of the infringement.

21. Plaintiff is entitled to his actual damages and Defendant's profits related to the infringement, pursuant to 17 U.S.C. § 504.

22. In addition, Plaintiff is entitled to seek statutory damages in connection with Defendant's willful infringement, pursuant to 17 U.S.C. § 504.

23. Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. Awarding Plaintiff his actual damages in connection with Defendant's willful copyright infringement;

2. Awarding Plaintiff statutory damages, attorneys' fees, and costs under the Copyright Act;

3. Awarding Plaintiff all of Defendant's combined disgorged worldwide profits resulting from Defendant's unlawful uses of the Mural;

4. Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums;

5. Granting an injunction that permanently restrains and enjoins Defendant from copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Uses or any unlawful copy of the Mural; and

6. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:   New York, New York
         October 26, 2021

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: s/ Andrew Gerber
Andrew Gerber
andrew@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff David Anasagasti*